OSCN Found Document:ARVIZU v. DAVID STANLEY OF NORMAN

 

 
 

 
 ARVIZU v. DAVID STANLEY OF NORMAN
2020 OK 99
Case Number: 117583
Decided: 12/07/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 99, __ P.3d __

 

ORLANDO ARVIZU, Plaintiff/Appellant,
v.
DAVID STANLEY OF NORMAN, LLC, and BBVA COMPASS FINANCIAL CORP., Defendants/Appellees,

ORDER OF SUMMARY DISPOSITION

Â¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S. Ct. Rule 1.201.

Â¶2 After reviewing the record in this case, THE COURT FINDS that our decision in Sutton v. David Stanley Chevrolet, Inc., 2020 OK 87 ____P.3d_____, involves the same primary legal questions as those in the above-styled appeal; and therefore, our holding in Sutton disposes of the issues herein.

Â¶3 IT IS THEREFORE ORDERED that the opinion of the Oklahoma Court of Civil Appeals, Division IV, filed November 25, 2019, is vacated, the trial court's Journal Entry filed November 7, 2018, wherein the trial court found there was no fraud in the inducement with regards to the dispute resolution clause and ordering the matter to Arbitration is reversed, and the cause is remanded for further proceedings.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 7th day of December, 2020.

/S/CHIEF JUSTICE

Gurich, C.J., Kauger, Edmondson, Colbert and Combs, JJ., concur;

Darby, V.C.J., Winchester (by separate writing), Kane and Rowe, JJ., dissent;

Rowe, J. dissenting

"I dissent for the same reasons I dissented in Sutton v. David Stanley Chevrolet, 2020 OK 87."

Winchester, J., with whom Darby, V.C.J., Kane, J., and Rowe, J. join, dissenting:

Â¶1 I dissent for the same reasons I dissented in Sutton v. David Stanley Chevrolet, 2020 OK 87. The Court in Sutton attempted to temper its holding by limiting it to the facts of that case, but today's pronouncement demonstrates how the Court has quickly set aside that limitation. The facts in this case differ from those in Sutton, but what parallels Sutton is the Court's repeated application of an affirmative duty for the finance manager to read every provision of the purchase agreement--including the Dispute Resolution Clause--to the buyer to avoid committing constructive fraud.